Robert N. Schiff (Bar No. 56072)
Lorraine A. Barrabee (Bar No. 136300)
Scott M. Bloom (Bar No. 183891)
HAIGHT, BROWN & BONESTEEL, LLP
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: 415.546.7500
Facsimile: 415.546.7505
rschiff@hbblaw.com; lbarrabee@hbblaw.com

Attorneys for Plaintiff
Truck Insurance Exchange

Gary R. Selvin (Bar No. 112030)
Email: gselvin@selvinwraith.com
Mark E. Inbody (Bar No. 180862)
Email: minbody@selvinwraith.com
SELVIN WRAITH HALMAN LLP
500 Twelfth Street, Suite 340
Oakland, CA 94607
Telephone: 510.874.1811
Facsimile: 510.465.8976

Attorneys for Defendant,
Atlantic Mutual Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCK INSURANCE EXCHANGE,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>ATLANTIC MUTUAL INSURANCE COMPANY; and Does 1-10, Inclusive,<br><br>　　　　Defendants. | Case No. C 06-4573 -CRB<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION<br><br>Complaint Filed:　June 29, 2006 |

   Plaintiff Truck Insurance Exchange ("Truck") and defendant Atlantic Mutual

Insurance Company ("Atlantic Mutual") (hereinafter collectively referred to as "the

parties"), by and through their respective counsel of record whose signatures appear below,

hereby stipulate and agree that a Protective Order in accordance with the following

Stipulation shall be entered by the Court and remain in effect with respect to all

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

1

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

"**CONFIDENTIAL INFORMATION**" (as defined herein) designated as such (as provided below), including the substance and content thereof, and produced by the parties to this Action or any third parties, whether contained in a document, deposition, interrogatory response or otherwise produced or supplied in response to other requests for discovery in this litigation, pursuant to Rule 26 of the Federal Rules of Civil Procedure, or otherwise produced in connection with this litigation by the parties to this Action or third parties.

**IT IS FURTHER STIPULATED THAT:**

1. <u>Purposes and limitation</u>: Disclosure and discovery activity in this action are likely to involve production of confidential attorney-client communications and attorney work product including not limited to information relating to litigation tactics for which special protection of the mutual insured, Norman Wright Mechanical Corporation, in the underlying action ***Karamanos, et al. v. Norman Wright Mechanical Equipment Corporation, et al.***, Northern District of California, San Jose Division Civil Action No. C 04-2266 JW ("underlying action"), is warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 12, below, that this Stipulated Protective Order creates no entitlement to file confidential documents under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. For purposes of this Stipulation and Protective Order, "**CONFIDENTIAL INFORMATION**" means information in any form—including without limitation those documents and written responses produced by the parties pursuant to the Federal Rules of Civil Procedure or the Local Rules of this Court, pleadings, transcripts, discovery papers,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

2

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

briefs, summaries, notes, abstracts or other instruments and those portions of deposition transcripts and exhibits relating to the insured's defenses, strategy or litigation tactics in the underlying action. Such documents shall be designated as "**CONFIDENTIAL**" by so indicating on the face of the writing or in any other reasonable manner appropriate to the form in which the **CONFIDENTIAL INFORMATION** is produced in this lawsuit. There shall be no violation of this Stipulation and Protective Order in the event a party discloses or uses such materials prior to receiving notice of the **CONFIDENTIAL** designation.

3. Information or material may be designated "**CONFIDENTIAL**" pursuant to this Stipulation and Protective Order by the person or entity producing it if (a) it relates to litigation tactics of the insured in the underlying litigation, (b) the information or material is disclosed or produced pursuant to a formal or informal discovery request in this Action or otherwise pursuant to the Federal Rules of Civil Procedure; and (c) consistent with the requirements of F.R.Civ.P. 26, the producing party believes in good faith that such material contains attorney-client privileged communications, attorney work product, materials designated as confidential by either of the parties prior to the inception of the Action, or proprietary commercial information which is the subject of reasonable efforts to maintain confidentiality.

4. Subject to Paragraph 9 herein, the parties shall not disclose **CONFIDENTIAL INFORMATION** to any person or entity, directly or indirectly, unless by specific order of this Court, except as hereinafter specified. Such information shall not be used by the parties except for purposes directly related to the prosecution or defense of the herein captioned case. Such information shall not be used for or conveyed in any business or commercial purpose, nor any form of public communication outside the courtroom, including without limitation websites, periodicals, newspapers or interviews with any and all media, electronic or otherwise.

5. Nothing herein is intended to nor shall have any prohibitive effect on any party's rights to discovery as is permitted under the Federal Rules of Civil Procedure.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

3

PROPOSED STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

6. Nothing in this Stipulation and Protective Order shall be deemed a waiver of any party's rights to oppose discovery of information or documents, or to object on any ground to the admission into evidence in this Action of any **CONFIDENTIAL INFORMATION**. The terms of this Stipulation and Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial; nor does this Stipulation and Protective Order preclude any party from requesting that the Court impose such limitations or restrictions, or from opposing such a request, concerning documents at trial.

7. Subject to Paragraph 9 herein, within thirty (30) days after the conclusion of this case, including the final exhaustion of all possible appeals, all matters designated as **CONFIDENTIAL INFORMATION**, including those parts of the Court file so designated, and coming within the provisions of this Stipulation and Protective Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be returned to counsel for the party originally producing such materials, or at the written direction of counsel for such party, be destroyed by the possessing party; provided, however, that counsel may retain one copy of all transcripts, pleadings or motions containing **CONFIDENTIAL INFORMATION** for their files. The parties may retain one copy of all transcripts, pleadings, motions or other documents containing **CONFIDENTIAL INFORMATION** as needed for regulatory purposes.

8. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of materials, documents, items or oral or written communications that qualify—so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

4

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

1  Mass, indiscriminate, or routinized designations are prohibited. Designations that
2  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g.,
3  to unnecessarily encumber or delay the case development process, or to impose
4  unnecessary expenses and burdens on the other parties) may expose the designating party
5  to sanctions. The parties recognize that they owe a duty not to prejudice the insured's
6  defense in the underlying litigation, and as such, this Stipulation and Order is intended to
7  maintain the confidentiality of those documents that could potentially prejudice the insured
8  in the underlying litigation.

9  If it comes to the attention of a party or non-party that information or items that it
10  designated for protection do not qualify for protection at all, or do not qualify for the level
11  of protection initially asserted, that party or non-party must promptly notify all other
12  parties that it is withdrawing the mistaken designation.

13  9.  **CONFIDENTIAL INFORMATION** may be given, shown, made available
14  to, or communicated in any way only to:

15  a.  Parties, including officers, directors, partners, insurers, or in-house
16  counsel of a party, for use in relation to this litigation only;

17  b.  The attorneys of record for the parties, together with non-lawyer staff
18  members of such attorneys whose assistance is necessary for the prosecution or defense of
19  this Action and other outside counsel for a party;

20  c.  Other employees of a party for the purpose of working directly on this
21  litigation at the request or at the direction of counsel;

22  d.  Regulatory agencies or officials, including employees thereof, in the
23  course of their regular duties in accordance with applicable laws and regulations;

24  e.  Third-party consultants and independent experts to whom it is
25  necessary that the material be shown for purposes of this litigation;

26  f.  Expert witnesses at depositions;

27  g.  Any witness or potential witness in this Action, to the extent
28  necessary for purposes of this litigation;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

5

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

      h.    Court reporters and other persons involved in recording or transcribing hearings, trial testimony or deposition testimony in this Action;

      i.    Copying or microfilming services retained to handle or reproduce discovery materials in this Action;

      j.    Persons designated on the face of a document or tangible thing as a preparer or prior recipient thereof;

      k.    Persons who have been indicated by the party producing such **CONFIDENTIAL INFORMATION** to have been a prior recipient thereof;

      l.    The Court and its staff.

    10.    Before providing any **CONFIDENTIAL INFORMATION** to any person designated in subparagraphs (a) through (k), above, counsel shall provide such person with a copy of this Stipulation and Protective Order and shall explain that such materials are confidential and are not to be disclosed to any other person.

    11.    **CONFIDENTIAL INFORMATION** supplied in written or documentary form shall be prominently labeled by the party supplying or producing same: "**CONFIDENTIAL**." Such label shall be placed on the first (or cover) page of any such document and shall also be placed on each subsequent page containing **CONFIDENTIAL INFORMATION**. If any portion of a document is so labeled, only that portion shall be deemed **CONFIDENTIAL INFORMATION** and shall be subject to the terms of this Stipulation and Protective Order. Any party objecting to a label of "**CONFIDENTIAL**" on written or documentary information shall follow the procedures specified in Paragraph 14, below. Alternatively, the parties may designate materials and information as **CONFIDENTIAL** by notifying the other party and designating **CONFIDENTIAL** documents by Bates number.

    12.    The parties acknowledge and agree that the filing of information under seal is covered by Rule 79-5 of this Court. For applications and motions to the Court on which a party submits **CONFIDENTIAL INFORMATION**, all documents and chamber copies containing **CONFIDENTIAL INFORMATION**

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

6

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

1  which are submitted to the Court shall meet the requirements of Rule 79-5 of the
2  Local Rules of this Court

3  13. A party may designate as "**CONFIDENTIAL**" documents or discovery
4  materials produced by a non-party by providing written notice to all parties of the relevant
5  document numbers or other identification within thirty (30) days after receiving such
6  documents or discovery materials.

7  14. <u>Challenges to confidentiality designations</u>:

8  a. Timing of Challenges: Unless a prompt challenge to a designating party's
9  confidentiality designation is necessary to avoid a foreseeable substantial unfairness,
10 unnecessary economic burdens, or a later significant disruption or delay of the litigation, a
11 party does not waive its right to challenge a confidentiality designation by electing not to
12 mount a challenge promptly after the original designation is disclosed.

13 b. Meet and confer: A party that elects to initiate a challenge to a designating
14 party's confidentiality designation must do so in good faith and must begin the process by
15 conferring directly (in voice to voice dialogue; other forms of communication are not
16 sufficient) with counsel for the designating party. In conferring, the challenging party
17 must explain the basis for its belief that the confidentiality designation was not proper and
18 must given the designating party an opportunity to review the designated material, to
19 reconsider the circumstances, and if no change in designation is offered, to explain the
20 basis for the chosen designation. A challenging party may proceed to the next stage of the
21 challenge process only if it has engaged in the meet and confer process first.

22 c. Judicial Intervention: A party that elects to press a challenge to a
23 confidentiality designation after considering the justification offered by the designating
24 party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil
25 Local Rule 79-5 if applicable) that identifies the challenged materials and sets forth in
26 detail the basis for the challenge. Each such motion must be accompanied by a competent
27 declaration that affirms that the movant has complied with the meet and confer
28 requirements imposed in the preceding paragraph and that sets forth with specificity the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

7

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

15. Notwithstanding any challenge to the designation of material as **CONFIDENTIAL INFORMATION**, all such challenged documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is **CONFIDENTIAL INFORMATION** withdraws such designation in writing; or

(b) the party or non-party who claims that the material is **CONFIDENTIAL INFORMATION** fails to apply to the Court for an order designating the material **CONFIDENTIAL** within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not **CONFIDENTIAL INFORMATION**.

16. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Stipulation and Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

17. At trial, if any **CONFIDENTIAL INFORMATION** is introduced in evidence or referred to, the parties may apply to the Court for appropriate restrictions on access to the information.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

8

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

18. The termination of proceedings in this Action shall not relieve any person to whom **CONFIDENTIAL INFORMATION** was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Stipulation and Protective Order. It is expressly intended by the parties hereto and their attorneys that the provisions of this Stipulation and Protective Order shall continue and be binding upon them in perpetuity.

19. If, during the course of this Action, or during the thirty (30) days thereafter, any party to these proceedings is served with a subpoena which requests written or documentary information which has been deemed **CONFIDENTIAL INFORMATION** and is subject to the dictates of this Stipulation and Protective Order, the parties agree that they shall give notice of such subpoena to the other parties hereto within three (3) days of receipt, will individually protect their own interests with respect thereto, and will prosecute any necessary motions to quash on their own behalf.

20. If documents or other material are inadvertently produced without any designation of confidentiality, a party may nevertheless thereafter assert in writing the confidentiality of the documents or material, and the parties and their counsel shall thereafter treat the documents or material as **"CONFIDENTIAL"** or consistent with the party's designation.

**IT IS SO STIPULATED.**

Dated: 10/16/06

Haight, Brown & Bonesteel, LLP

By: [signature]
Robert N. Schiff
Lorraine A. Barrabee
Scott M. Bloom
Attorneys for Plaintiff
Truck Insurance Exchange

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3183357.1

9

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

Dated: Oct. 13, 2006

Selvin Wraith Halman LLP

By: _____
Gary R. Selvin
Attorneys for Defendant
Atlantic Mutual Insurance Company

## ORDER

Based upon the foregoing, and good cause appearing, the Court hereby adopts said Stipulation as its Order.

**IT IS SO ORDERED.**

Dated: October 20, 2006

By: _____
United States District Judge

IT IS SO ORDERED
Judge Charles R. Breyer

Case C 06-4573 -CRB PROPOSED STIPULATED
PROTECTIVE ORDER RE CONFIDENTIAL
INFORMATION

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.

FI85-0000008
3183357.1

10