1  Robert N. Schiff (Bar No. 56072)
   Lorraine A. Barrabee (Bar No. 136300)
2  HAIGHT, BROWN & BONESTEEL, LLP
   71 Stevenson Street, 20th Floor
3  San Francisco, California 94105-2981
   Telephone:  415.546.7500
4  Facsimile:  415.546.7505

5  Dean B. Herman (Bar No. 76752)
   Hee Young Lee (Bar No. 207295)
6  MENDES & MOUNT, LLP
   445 South Figueroa Street, 38th Floor
7  Los Angeles, California 90071-1601
   Telephone: 213.955.7700
8  Facsimile: 213.955.7725

9  Attorneys for Plaintiff
   Truck Insurance Exchange
10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14 | TRUCK INSURANCE EXCHANGE,        ) Case No. C 06-4573 -CRB
                                     )
15 |         Plaintiff,               )
             vs.                     )
16 |                                 ) **STIPULATION AND [PROPOSED]**
   ATLANTIC MUTUAL INSURANCE         ) **ORDER RE: PLEADINGS**
17 | COMPANY; and Does 1-10, Inclusive,)
                                     )
18 |         Defendants.              )
                                     )

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3499376.1

Case No. C 06-4573 -CRB
STIPULATION AND [PROPOSED] ORDER RE:
PLEADINGS

1

Plaintiff Truck Insurance Exchange ("Truck") and defendant Atlantic Mutual Insurance Company ("Atlantic Mutual") hereby stipulate that Truck and Atlantic Mutual be permitted to file an amended complaint and counterclaim without the necessity of filing motions. A copy of Truck's [Proposed] Second Amended complaint is attached hereto as Exhibit A.

Dated: February 5, 2009

Haight, Brown & Bonesteel, LLP

By: _____
Robert N. Schiff
Lorraine A. Barrabee
Attorneys for Plaintiff
Truck Insurance Exchange

Dated: February 5, 2009

Selvin Wraith Halman LLP

By: _____
Mark Inbody
Attorneys for Defendant
Atlantic Mutual Insurance Company

IT IS SO ORDERED.

Dated: February 6, 2009

_____
Judge of the United States District Court
Northern Division of California

IT IS SO ORDERED
Judge Charles R. Breyer

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3499376.1

2

Case No. C 06-4573 -CRB
STIPULATION AND [PROPOSED] ORDER RE: PLEADINGS

# Exhibit A

1  Robert N. Schiff (Bar No. 56072)
   Lorraine A. Barrabee (Bar No. 136300)
2  HAIGHT BROWN & BONESTEEL, LLP
   71 Stevenson Street, 20th Floor
3  San Francisco, California 94105-2981
   Telephone: 415.546.7500
4  Facsimile: 415.546.7505

5  Attorneys for Plaintiff Truck Insurance Exchange

6  Dean B. Herman (Bar No. 76752)
   Hee Young Lee (Bar No. 207295)
7  MENDES & MOUNT, LLP
   445 South Figueroa Street, 38th Floor
8  Los Angeles, California 90071-1601
   Telephone: 213.955.7700
9  Facsimile: 213.955.7725

10 Attorneys for Plaintiff Truck Insurance Exchange

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCK INSURANCE EXCHANGE, <br><br> Plaintiff, <br><br> vs. <br><br> ATLANTIC MUTUAL INSURANCE COMPANY, <br><br> Defendants. | Case No. C 06-4573 -CRB <br><br> **[PROPOSED] SECOND AMENDED COMPLAINT FOR CONTRIBUTION AND DECLARATORY RELIEF** |

Plaintiff, TRUCK INSURANCE EXCHANGE (hereinafter "Truck") alleges as follows:

## PARTIES

1. Plaintiff Truck is, and at all times mentioned herein was, a reciprocal insurer organized under the laws of the State of California, with its principal place of business in Los Angeles, and is authorized to transact, and transacting, business in the State of California.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3497794.1

1

Case No. C 06-4573 -CRB
[Proposed] Second Amended Complaint For
Contribution And Declaratory Relief

2. Truck is informed and believes, and thereon alleges that defendant Atlantic Mutual Insurance Company ("Atlantic Mutual") is, and at all times herein mentioned was, a New York corporation with its principal place of business in New York City, and is authorized to conduct business as an insurer in the State of California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the action based upon 28 U.S.C. § 1332, and the Declaratory Relief Act (28 U.S.C. § 2201), in that the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000.

4. Venue is proper in this District based upon the provisions of 28 U.S.C. 1391(e) in that a substantial part of the events giving rise to plaintiff's claims arose in this District and the principal witnesses and documents concerning plaintiff's claims also are located in this District. This matter was removed to this Court by defendant Atlantic Mutual on July 25, 2006.

## CONTRIBUTION

5. This dispute arises out of an underlying lawsuit filed on September 3, 2002, in San Francisco County Superior Court, Action No. CGC 02-407385, entitled *Advanced Microtherm, Inc., et al. v. University of California Board of Regents et al* (hereinafter "the AMI Action").

6. The AMI Action involves, generally, allegations of statutory anti-competitive activities and related common law causes of action arising out of bidding practices for various University of California ("UC") construction projects. Norman Wright Mechanical Equipment Corporation ("Wright"), and its President, Richard Leao, are defendants in the AMI Action. The AMI Action alleges that Wright, Leao, and other defendants entered into agreements to prevent competitive bidding for the supply of mechanical equipment and other products. The AMI Action also alleges that Wright, Leao, and the other defendants interfered with contracts plaintiffs had obtained to supply mechanical equipment for the UC projects. The AMI Action includes various claims of restraint of trade in violation of California's Cartwright Act and the California Business

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3497794.1

2

Case No. C 06-4573 -CRB
[Proposed] Second Amended Complaint For
Contribution And Declaratory Relief

and Professions Code. There is also a claim for defamation alleged against Wright and others.

7.   The AMI Action was removed to United States District Court, Northern District of California, San Jose Division, Case No. C 04-2266JW, where it is now pending.

8.   Truck issued a policy of Businessowners Liability Insurance, No. 60267 49 26, to Norman Wright Mechanical Equipment Corporation ("Wright"), for the policy period April 1, 2001 to April 1, 2002. The policy was renewed for the period April 1, 2002 to April 1, 2003 (hereinafter "the BOP Policy"). The BOP Policy sets forth certain terms, conditions and exclusions that are applicable to claims against the named insured, Wright.

9.   On November 15, 2002, Wright tendered its defense and indemnity in the AMI Action to Truck. Subsequently, Leao also tendered his defense to Truck.

10.  Thereafter, Truck duly accepted Wright's and Leao's tenders subject to a reservation of rights. Truck agreed to provide a defense because the defamation claim in the AMI Action was potentially within the BOP Policy's coverage. Truck appointed defense counsel to defend Wright and Leao in the AMI Action.

11.  Wright and Leao also retained personal counsel to advise them regarding the AMI Action. By letter dated January 30, 2003, Truck denied Wright's request that its personal counsel be appointed by Truck to defend Wright in the AMI Action.

12.  Truck alleges that Atlantic Mutual insured Wright and Leao under consecutive policies of liability insurance preceding the Truck coverage, policies that include coverage for defamation. Truck further alleges that the policies issued to Wright by Atlantic Mutual included defense obligations for potentially covered claims, including but not limited to the AMI Action.

13.  Truck is informed and believes and on that basis alleges that Wright and Leao tendered their defense in the AMI Action to Atlantic Mutual.

14.  Truck is informed and believes and on that basis alleges that Atlantic Mutual accepted defense of Wright and Leao in the AMI Action and purports to have participated

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3497794.1

3

Case No. C 06-4573 -CRB
[Proposed] Second Amended Complaint For
Contribution And Declaratory Relief

in Wright and/or Leao's defense by payment of some or all of Wright's personal counsel's fees. Truck is informed and believes that Atlantic Mutual has reached an agreement with Wright and/or Leao concerning its ongoing obligation for fees and costs of personal counsel in the AMI Action and that pursuant to this agreement Atlantic Mutual is no longer paying Wright and/or Leao's personal counsel's fees and costs for the AMI Action.

15.    Beginning in 2002, Truck paid fees and costs for the defense Wright and Leao's interests in the AMI Action.

16.    In August 2008 Truck reached an agreement with Wright and Leao regarding its ongoing obligation for fees and costs for defense of the AMI action. Pursuant to that agreement Truck's obligation to defend Wright and Leao and for fees and costs associated with the AMI Action terminated as of May 15, 2008. The amount Truck has paid on behalf of Wright and Leao is subject to proof at trial but exceeds the jurisdictional minimum for this Court.

17.    Atlantic Mutual is obligated to contribute to the cost of defending Wright and Leao in the AMI Action, but defendant has failed to pay its fair share of such defense costs.

18.    Truck has requested that Atlantic Mutual contribute its fair share of the costs of defending its insureds Wright and Leao, but Atlantic Mutual has refused to do so.

19.    Atlantic Mutual owes an immediate obligation to contribute its fair share to the defense of its insureds Wright and Leao.

20.    As a result of the failure of defendant to pay its proportionate obligations of the costs of defense of Wright and Leao in the AMI Action, Truck has been required to pay amounts in excess of its fair share.

21.    Based upon principles of equitable contribution, Truck is therefore entitled to contribution from defendant according to proof.

## DECLARATORY RELIEF

22.    Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 21, inclusive as though set forth in full.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3497794.1

4

Case No. C 06-4573 -CRB
[Proposed] Second Amended Complaint For
Contribution And Declaratory Relief

1  23. An actual controversy exists between plaintiff and defendant, concerning their respective rights and duties, in that plaintiff contends that it is entitled to contribution from Atlantic Mutual, whereas defendant contends otherwise.

24. Plaintiff desires a judicial determination of its rights, and a declaration of the rights and duties of the respective parties pursuant to 28 U.S.C. §2201. No adequate or speedy remedy at law exists.

WHEREFORE, Truck prays for relief as set forth below.

    a. For a contribution from the defendant Atlantic Mutual in an amount equal to its proportionate share of the defense of Wright and Leao in the AMI Action;

    b. For interest and costs of suit;

    c. For a declaration that Truck is entitled to reimbursement from Atlantic Mutual for all sums paid on behalf of its insureds, Wright and Leao; and

    d. For such other and further relief as this Court may deem just and proper.

Dated: _____

HAIGHT BROWN & BONESTEEL, LLP

By: _____
Robert N. Schiff
Lorraine A. Barrabee
Attorneys for Plaintiff
Truck Insurance Exchange

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FI85-0000008
3497794.1

5

Case No. C 06-4573 -CRB
[Proposed] Second Amended Complaint For
Contribution And Declaratory Relief